

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-14-00335-CR
_____

RAUL CONSTANCIO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2013-475,785; Honorable Drue Farmer, Presiding

July 10, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Raul Constancio, was tried for the offense of criminal trespass of property on July 21, 2014. After both sides had rested but before the charge was read to the jury, Appellant reurged his trial-based motions for mistrial based on the introduction of three statements before the jury that were ultimately determined to be inadmissible. The trial court granted the motion and Appellant subsequently filed an application for writ of habeas corpus alleging his retrial was barred on the basis of

double jeopardy. The trial court denied that application and this appeal followed. By a single issue Appellant contends the trial court erred in determining that double jeopardy did not bar his subsequent prosecution because the State intentionally goaded him into moving for a mistrial in order to obtain a procedural advantage on retrial. We affirm.

**BACKGROUND**

In August 2012, Appellant was living with his mother in an apartment complex in Lubbock. After receiving several complaints from other tenants, the apartment complex management informed Appellant that he could no longer stay there because he was not an approved tenant and he did not have permission to be on the property. On August 13th, Appellant was given a formal trespass notice and shortly thereafter he moved. Approximately one year later, Appellant was arrested at the apartment complex for criminal trespass.

Prior to trial, Appellant filed a *motion in limine* requesting that the State not elicit any oral or written statements allegedly made by him or any extraneous offenses without first taking the matter up outside the presence of the jury. That motion was granted. On the day of trial, Appellant filed a supplemental *motion in limine* requesting that the State not present any evidence that he was "attempting to lure small children into the apartment" or that he was "dangerous to other residents" as the basis for the original trespass notice. The State did not oppose the motion; however, it did argue that evidence to that effect could become relevant. The motion was granted and trial commenced later that day.

Following a reading of the information and the entry of a plea of "not guilty" but before opening statements were made, a hearing was held outside the presence of the jury regarding the reason why Appellant was originally prohibited from being at the apartment complex. After hearing evidence and arguments of counsel, the trial court ruled that testimony concerning the fact that complaints had been made could be introduced; however, the specific nature of the complaints was ruled to be inadmissible.

During trial, three objectionable statements were introduced that ultimately formed the basis of Appellant's "cumulative error" motion for mistrial: (1) a statement by the apartment complex manager that Appellant was "trying to - - lure" two little girls into an apartment, (2) a statement that Appellant's mother was given a notice of lease violation based on an "unauthorized drunk man . . . [who was] dangerous to other residents," and (3) an officer's statement that Appellant "told me he'd beat my ass if he saw me again." After the first objectionable statement, the trial court gave a curative instruction to the jury but denied Appellant's motion for mistrial. After the second objectionable statement, the trial court sustained an objection as to the "dangerous to other residents" portion of the statement, redacted that portion from the written trespass notice, instructed the jury to disregard the objectionable portion of the oral testimony, and again denied Appellant's motion for mistrial. The third objectionable statement was a non-responsive statement elicited during Appellant's cross-examination of the arresting officer. Appellant argued that statement was covered by the original *motion in limine*. The trial court sustained the objection, instructed the jury to disregard the last answer by the witness, and again denied Appellant's motion for mistrial.

After the State and defense closed the presentation of evidence but prior to the jury being charged as to guilt-innocence, the trial court re-entertained Appellant's motions for mistrial. After hearing the arguments of counsel, including the State's "unintentional—not intended to provoke a mistrial" explanations, the trial court granted a mistrial. In issuing its ruling, the trial court did not make any specific findings of fact or conclusions of law other than to say that based on the "cumulative effect" of the complained-of error, the court did not see any less drastic alternative than to grant the mistrial. When specifically asked by the State as to whether the State would be entitled to retry the defendant, the court answered, "Yes." No findings of fact or conclusions of law were prepared or filed concerning the factual or legal basis for the mistrial.

Less than a month later, when the State attempted to retry Appellant for the same offense, he filed an application for writ of habeas corpus contending further prosecution was barred by the double jeopardy clause of both the Federal and Texas Constitutions. The State contended the subsequent prosecution was not barred by double jeopardy because the mistrial was granted at Appellant's request. Appellant countered the State's argument by contending the prosecution acted in bad faith, with the intent to goad him into requesting a mistrial so that it could gain a procedural advantage by having the opportunity to correct mistakes made in the original enhancement notices. Without making findings of fact or conclusions of law, the trial court denied the double jeopardy motion and this appeal followed.

### APPLICABLE LAW AND STANDARD OF REVIEW

We review a trial court's decision to grant or deny an application for a writ of habeas corpus on the basis of double jeopardy under an abuse of discretion standard.

4

*See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). An abuse of discretion occurs when the trial court acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). In determining whether the trial court's decision was arbitrary or unreasonable, we may not substitute our judgment for that of the trial court, *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), and we must give deference to the trial court's resolution of historical facts supported by the record, as well as application of law to fact questions that turn on credibility and demeanor. *Alford v. State*, 358 S.W.3d 647 (Tex. Crim. App. 2012).

The Federal Constitution, Texas Constitution, and Code of Criminal Procedure all mandate that no person shall be twice put in jeopardy for the same offense. U.S. CONST. amend. V; TEX. CONST. art. I, § 14; TEX. CODE CRIM. PROC. ANN. art. 1.10 (West 2005). Courts have recognized the Double Jeopardy Clause as prohibiting a retrial when the first trial ends in a mistrial resulting from circumstances attributable to prosecutorial or judicial overreaching that deprives an accused of the valued right to have his trial completed by the first duly selected jury. *Oregon v. Kennedy,* 456 U.S. 667, 671-72, 102 S. Ct. 2083, 72 L. Ed. 2d 416 (1982); *Ex parte Lewis*, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007) (adopting the constitutional standard set out in *Oregon v. Kennedy* for determining whether a retrial is barred after a defense-requested mistrial).

Where, as here, a mistrial is declared at the request of the accused, retrial is not barred unless the error that prompted the mistrial is conduct attributable to the State which was motivated by bad faith or undertaken to harass or prejudice the accused, and

5

was committed with the intent to provoke the mistrial. *Oregon v. Kennedy,* 456 U.S. at 670; *Ex parte Masonheimer*, 220 S.W.3d 494, 506 (Tex. Crim. App. 2007). Accordingly, prosecutorial misconduct does not bar a retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause. *Masonheimer*, 220 S.W.3d at 508-09 (finding a subsequent retrial is jeopardy-barred after a defense-initiated mistrial "when the State intentionally 'goads' or provokes the defendant into moving for a mistrial").

Here, Appellant contends the State intentionally goaded him into requesting a mistrial, thereby rendering a retrial jeopardy-barred, because the State hoped to gain a procedural advantage by having the opportunity to correct mistakes it made in the original enhancement notices. Appellant further contends the State acted with the intent to provoke a mistrial because the trial was not going the way the prosecutor had planned. The trial court, however, did not see it that way. Instead, the trial court implicitly ruled the mistrial was not attributable to bad faith on the part of the prosecution when it immediately stated the State could retry the case. Keeping in mind that we are required to view the evidence in the light most favorable to the trial court's ruling, and acknowledging that the trial court was in the better position to determine whether the offending conduct evinced an intent to subvert the protections afforded by the Double Jeopardy Clause as well as the credibility of the prosecutor's explanations, we conclude the trial court did not abuse its discretion in determining that the prosecutor did not intend to provoke or goad Appellant into requesting the mistrial. According, the trial court did not err in denying Appellant's application for writ of habeas corpus.

6

Appellant further posits that the State's post-mistrial ability to correct the mistakes it made in the enhancement notices renders a retrial unconstitutional "as applied" because it provides the State a procedural advantage. We need not address this "as applied" constitutional argument because the State categorically waived any enhancements on retrial during its oral arguments before this court. Accordingly, Appellant's "as applied" argument is rendered moot.

## CONCLUSION

The judgment of the trial court is affirmed.


Patrick A. Pirtle
Justice


Do not publish.